**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRAVEL CADDY, INC. D/B/A TRAVELON, an Illinois corporation,<br><br>    Plaintiff,<br><br>v.<br><br>NAUTICA RETAIL USA, INC., a Delaware corporation,<br><br>    Defendant. | Civil Action No. 1:15-cv-_____<br><br>The Honorable _____<br><br>Magistrate Judge _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Travel Caddy, Inc. d/b/a Travelon ("Travelon") complains against Defendant Nautica Retail USA, Inc. as follows:

## THE PARTIES

1. Travelon is a corporation incorporated under the laws of the State of Illinois with its principal place of business at 700 Touhy Avenue, Elk Grove Village, Illinois. Travelon is a leading provider of travel bags and backpacks.

2. Nautica Retail USA, Inc. ("Nautica") is a corporation incorporated under the laws of the State of Delaware with a principal place of business at 40 West 57th St., New York, New York, and is authorized to do and does business in the State of Illinois and within this District. Nautica conducts business in Illinois and in this District including, without limitation, by marketing and selling luggage, backpacks, handbags, totes, and accessories to consumers under the brand name Kipling through a Kipling factory outlet store physically located in this District at 5220 Fashion Outlet Store Way, #2255, Rosemont, Illinois. Nautica has also attended,

exhibited and offered to sell its infringing products at a trade show that is held annually in this District.  The business activities of Nautica also include promoting, offering for sale and selling such products, through its Kipling Retail USA division, to consumers in Illinois and in this District through its interactive website at www.kipling-usa.com.

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because Nautica is subject to personal jurisdiction in this District, has regularly conducted business in this District and has committed acts of infringement in this District.

## FIRST CAUSE OF ACTION – INFRINGEMENT OF THE '636 PATENT

3. On June 1, 2004, U.S. Patent No. 6,742,636 ("the '636 patent") entitled, "MESH EXPANSION POCKET FOR LUGGAGE" was duly and legally issued on an application filed on September 25, 2001.  Travelon currently owns all right, title and interest in and to the '636 patent.  A copy of the '636 patent is appended as Exhibit A.

4. Nautica has been and is infringing the '636 patent by making, using, offering to sell, selling and/or importing backpacks, laptop backpacks and diaper backpacks incorporating the inventions patented in the '636 patent within the United States and within this District, and by contributing to the infringement by others and/or by inducing others to infringe the '636 patent. Nautica's infringing products include the backpacks shown in the photographs in Exhibit B hereto, which are marketed as the Deeda Backpack # BP3885, Micah Laptop Backpack # BP3914, and Audrie Diaper Bag Backpack # BP3894 (which was previously marketed as the

Audra Diaper Bag Backpack # BP3894). Representative photographs of Nauticas's infringing products are shown in Exhibit B hereto. Unless enjoined by the Court, Nautica will continue to infringe, contribute to the infringement of and/or induce the infringement of the '636 patent.

5. Nautica's direct infringement of the '636 patent, and/or inducement of or contribution to the infringement of others, has injured Travelon, and Travelon is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

6. The infringement by Nautica will continue to injure Travelon unless the Court enters an injunction prohibiting further infringement of the '636 patent.

### PRAYER FOR RELIEF

WHEREFORE, Travelon prays for:

1. Judgment that the '636 patent is valid, enforceable, and infringed by Nautica;

2. A preliminary and permanent injunction enjoining Nautica, its officers, agents, servants, employees, subsidiaries and affiliated companies, and those persons acting in active concert or participation therewith, from engaging in the aforesaid unlawful acts of patent infringement;

3. An award of damages arising out of Nautica's acts of patent infringement, together with pre-judgment and post-judgment interest;

4. An award of Travelon's attorneys' fees, costs and expenses incurred in this action in accordance with 35 U.S.C. § 285; and

5. Such other and further relief as the Court may deem just and proper.

<u>**JURY DEMAND**</u>

Travelon demands trial by jury of all issues triable of right by a jury.

Respectfully submitted,

Date: July 7, 2015 /s/Vance L. Liebman

Vance L. Liebman
Glenn A. Rice
Jeffrey D. Shelley
Funkhouser Vegosen Liebman & Dunn Ltd.
55 West Monroe, Suite 2300
Chicago, Illinois 60603
Telephone: (312) 701-6800
Facsimile: (312) 701-6801

Nancy R. Gamburd
Gamburd Law Group LLC
22 West Washington St., Suite 1500
Chicago, Illinois 60602
Telephone: (312) 399-9332
Facsimile: (312) 276-4176

***Counsel for Plaintiff Travel Caddy, Inc. d/b/a Travelon***